UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHARLES RICHARD BERNARD, JR, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. G-10-7 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER OF DISMISSAL

Petitioner Charles Richard Bernard, Jr., has filed a Petition for a Writ of Habeas Corpus (Doc.# 1) under 28 U.S.C. § 2254, challenging his state court felony conviction. On January 19, 2010, Bernard was ordered to show cause, if any, why this court should not dismiss his application as time-barred under 28 U.S.C. § 2244(d). To date, Bernard has not filed a response. After careful review of the petition and for the reasons explained below, the Court will dismiss the petition pursuant to 28 U.S.C. § 2244(d) because it is barred by limitations.

**I.       Procedural History**

Bernard challenges the Director's custody of him pursuant to a judgment and sentence of the 23rd. Judicial District Court of Brazoria County, Texas. Bernard was charged by indictment with the offense of aggravated sexual assault and was convicted on May 2, 2007. The Fourteenth Court of Appeals of Texas affirmed the conviction on August 28, 2008. Bernard did not file a petition for discretionary review. On July 3, 2009, Bernard filed a state habeas application, which was dismissed by the Texas Court of Criminal Appeals on October 21, 2009. The instant federal petition was filed on January 5, 2010.

## II.     One-Year Statute of Limitations

Under the AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1)-(2), which provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  Because Bernard's petition was filed well after that date, the one-year limitations period applies to his claims. Although the statute of limitations is an affirmative defense, courts are authorized to raise such defenses *sua sponte* in habeas actions.  *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).  The court may therefore properly determine at the outset whether Bernard's petition is timely.

The limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Bernard's conviction became final when the time for filing a petition for discretionary review expired. The Fourteenth Court of Appeals affirmed Bernard's conviction on August 28, 2008, giving Bernard thirty days, or until September 27, 2008, to file a petition for discretionary review. TEX. R. APP. P. 68.2(a). Bernard did not file a petition for discretionary review; therefore, absent tolling, the one-year limitations period would end on September 27, 2009.

A properly filed application for state postconvicton relief tolls limitations. 28 U.S.C. § 2244(d)(2). The one-year limitations period began on September 27, 2008. Bernard's state habeas application, filed on July 3, 2009, was denied by the TCCA on October 21, 2009, tolling the limitation period for eighty-six (86) days and extending the date on which his federal habeas application was due to December 22, 2009. Bernard did not file the instant application until January 5, 2010. Absent equitable tolling, Bernard's claims are time-barred.

Equitable tolling is an extraordinary remedy that, if available, is only sparingly applied. *See Irwin v. Dep't of Vet. Affairs,* 498 U.S. 89, 96 (1990). The Fifth Circuit has opined that the AEDPA statute of limitations may be equitably tolled at the district court's discretion only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). In that respect, the Fifth Circuit has limited the doctrine of equitable tolling to apply "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Thus, a "'garden variety of excusable neglect'" does not support equitable tolling. *Coleman*, 184 F.3d at 402 (quoting *Rashidi*, 96 F.3d at 128).

The Supreme Court has recently elaborated that district courts have no authority to create "equitable exceptions" to statutory time limitations. *See Bowles v. Russell*, 551 U.S. 205 (2007). Assuming that the AEDPA allows it, the Supreme Court has observed, nevertheless, that a habeas corpus petitioner is not entitled to equitable tolling unless he establishes "(1) that he has been pursuing his rights diligently, and (2) 'that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327 (2007). The habeas petitioner bears the burden of establishing that equitable tolling is warranted. *See Howland v. Quarterman*, 507 F.3d 840 (5th Cir. 2007), *cert. denied*, ___ U.S. ___, 128 S.Ct. 2873 (2008). Bernard did not respond to the Court's order to show cause why his petition should not be time-barred; thus, no grounds for equitable tolling have been presented, nor does his petition disclose a basis to apply equitable toling.

Bernard's application does not satisfy any of the exceptions to the AEDPA statute of limitations. There is no evidence that any unconstitutional state action prevented Bernard from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). No "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided have been presented. *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000).

**IV.   Conclusion**

For the foregoing reasons, it is **ORDERED** that Bernard's petition for writ of habeas corpus (Doc.# 1) is **DENIED** and this case is **DISMISSED** with prejudice as time-barred under the provisions of 28 U.S.C. § 2244. Any remaining pending motions are denied as moot.

Under the AEDPA, a petitioner must obtain a certificate of appealability ("COA") before he can appeal the district court's decision. 28 U.S.C. § 2253(c)(1). This court will grant a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Supreme Court made clear in its decision in *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), a COA is "a jurisdictional prerequisite," and "until a COA has been issued, federal courts of appeals lack jurisdiction to rule on the merits of appeals from the habeas petitioners." When considering a request for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 325.

Because Bernard has not made the necessary showing, this court will not issue a COA.

SIGNED at Houston, Texas this 25th day of June, 2010.

_____
Kenneth M. Hoyt
United States District Judge